UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY GREEN,

    Plaintiff,

  v.

ROGER MOORE,

    Defendant.

Case No. C06-553RSL

ORDER DENYING
MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Larry Green, d/b/a Larry Green Productions ("Green") for an order remanding this case to state court (Dkt. #3). Green entered into a personal services agreement (the "Agreement") with defendant Roger Moore ("Moore"). Green argues that in the Agreement, the parties agreed to file any lawsuits in Whatcom County Superior Court, so this case must be remanded to that court. For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Green sells James Bond movie memorabilia. In October 1999, Green contacted Moore's representatives to propose an agreement for Moore to sign posters and photographs from several of the James Bond films he starred in, including "Live and Let Die," "The Man with the Golden

ORDER DENYING
MOTION TO REMAND - 1

Gun," and "For Your Eyes Only."  Green planned to sell the "licensed" signed items via the internet.  Green and Moore memorialized their arrangement in the March 17, 2000 Agreement.  The parties unfortunately lacked the benefit of Solitaire's tarot cards to foretell that their relationship would sour.  In 2001, Green filed a demand for arbitration claiming that Moore had breached the contract.  After a day and a half of hearings, the arbitrator dismissed the matter, without issuing a decision, for failure to pay the necessary fees.

Green filed a complaint on March 3, 2006 in Whatcom County Superior Court alleging claims for breach of contract and tortious interference.  Moore removed the case to this Court on April 19, 2006 based on diversity jurisdiction.  Plaintiff concedes that the parties are diverse and that the amount in controversy requirement is met.  He argues, however, that this Court should decline to exercise jurisdiction and remand the case based on the following forum selection clause in the Agreement:

> Choice of Forum.  For purposes of any litigation arising out of or in connection with this Agreement, the parties hereby consent to the jurisdiction of Whatcom County Superior Court, Bellingham, Washington, USA.  Any lawsuit arising from this Agreement must be filed in Whatcom County Superior Court, Bellingham, Washington, USA.

Notice of Removal (Dkt. #1) at p. 17.  The parties also agreed that Washington law would govern.[1]  Moore currently resides in Switzerland.

Because there is no evidence that the clause is unreasonable or otherwise unenforceable, the Court will focus on determining its scope, including whether it reflects the parties' intent to make Whatcom County the *exclusive* venue.  See, e.g., Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one").  In this case, the parties' consent to Washington law and to Whatcom County's jurisdiction is insufficient to show that the clause is mandatory.  See, e.g., Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817

---

[1] The Agreement also contains an agreement to arbitrate certain disputes; Moore has filed a separate motion to compel arbitration.

ORDER DENYING
MOTION TO REMAND - 2

F.2d 75, 76-77 (9th Cir. 1987) (finding that removal was proper even though in the agreement, the parties consented to jurisdiction in state court; explaining that a consent to jurisdiction "does not mean that the same subject matter cannot be litigated in any other court").

Unlike in Hunt Wesson Foods, the Agreement also states that "[a]ny lawsuit arising from this Agreement must be filed in Whatcom County Superior Court . . . ." Although plaintiff argues that forum selection clauses are prima facie valid and should be enforced unless unreasonable, that argument begs the question of the meaning of the clause. According to its plain language, the clause requires only filing, not litigation, in Whatcom County. If plaintiff had intended for Whatcom County to have exclusive jurisdiction, he could have included that language in the Agreement. See, e.g., Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 275 (9th Cir. 1984) (stating that "this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)"); Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989) (finding clause mandatory in stating that "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia").[2]

Even if the term is ambiguous, the parties have not provided any context or contemporaneous extrinsic evidence to show that they intended to preclude removal. Although plaintiff is now surprised by the removal, his unexpressed intent does not control. Plaintiff has also received the benefit of his bargain in that he can litigate this case in Washington, rather than Switzerland or some other distant forum, and Moore will face a difficult if not impossible battle if he chooses to assert challenges regarding personal jurisdiction, venue, or *forum non*

---

[2] Plaintiff's reliance on the so called "service of suit" clauses in insurance cases is unavailing because those clauses required the defendant to "submit to the jurisdiction" of a court of plaintiff's choosing, agree that "all matters arising hereunder shall be determined in accordance with the law and practice of such Court," and to agree to abide by the final decision of "such court." Perini Corp. v. Orion Ins. Co. Ltd., 331 F. Supp. 453, 454 (E.D. Cal. 1971). It also appears that the "service of suit" clauses in Perini and related cases are unique to the insurance industry, and their enforceability against the defendant insurance companies is consistent with industry practices and expectations.

ORDER DENYING
MOTION TO REMAND - 3

*conveniens*.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand (Dkt. #3).

DATED this 9th day of June, 2006.

                                  *Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO REMAND - 4