UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY GREEN,

        Plaintiff,

    v.

ROGER MOORE,

        Defendant.

Case No. C06-553RSL

ORDER GRANTING MOTION
TO COMPEL ARBITRATION

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant Roger Moore ("Moore") to compel arbitration (Dkt. #6). Moore argues that the personal services agreement (the "Agreement") he entered into with plaintiff Larry Green, d/b/a Larry Green Productions ("Green") requires the parties to submit their dispute to binding arbitration. For the reasons set forth below, the Court grants the motion.

## II. DISCUSSION

In the March 2000 Agreement, Moore agreed to sign posters and photographs from several of the James Bond films he starred in; Green planned to sell the "licensed" signed items via the internet. In 2001, Green filed a demand for arbitration before the American Arbitration Association ("AAA") claiming that Moore breached the contract. After a day and a half of

ORDER GRANTING MOTION
TO COMPEL ARBITRATION - 1

hearings, the arbitrator dismissed the matter, without issuing a decision, for failure to pay the necessary fees.

Moore argues that this Court should compel arbitration based on the following clause in the Agreement:

> Arbitration.  If at any time during the term of this Agreement, any dispute, difference, or disagreement shall arise upon or in respect of this Agreement, and the meaning and construction hereof, every such dispute, difference, and disagreement shall be referred to a single arbiter agreed upon by the parties . . . and such dispute, difference or disagreement shall be settled by arbitration in accordance with the then prevailing commercial rules of the [AAA], and judgment upon the award rendered by the arbiter may be enforced in any court having jurisdiction thereof.

Notice of Removal (Dkt. #1) at pp. 17-18.

The Court must determine whether the parties intended to arbitrate this dispute.  The Court makes the determination by applying the "federal substantive law of arbitrability" with "a healthy regard for the federal policy favoring arbitration."  Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 626 (1985) (explaining that "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability").  "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).  The standard for a finding of arbitrability is "not high."  See Simula, Inc. v. Autoliv, Inc., 175 F.3d 719, 721 (9th Cir. 1999) (explaining that to require arbitration, plaintiff's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability").

Green argues that this dispute was not "brought during the term of this Agreement" because the Agreement expired on April 1, 2003 and he filed his complaint in March 2006.  The Agreement, however, does not state that disputes must be "brought" during its term.  Rather, its language requires arbitration of disputes that "arise" during the term of the Agreement.[1]  The

---

[1] Green's conduct with former Bond actor George Lazenby also undermines his current interpretation of the Agreement.  Green states that he initiated a dispute with Lazenby by serving

ORDER GRANTING MOTION
TO COMPEL ARBITRATION - 2

complaint alleges that Moore refused to sign photographs and posters during the term of the Agreement, and signed posters for a competitor during the Agreement's exclusivity period. By their nature, those claims arose during the term of the Agreement. Furthermore, Green previously demanded arbitration based on the same allegations, which is indicative of his intent and interpretation of the arbitration clause. Affidavit of Heather McCloskey (Dkt. #8) at ¶ 2, Ex. A. For the same reason, the Court rejects Green's contention that the breach of contract claims are outside the substantive scope of the arbitration clause.

The issue of whether Green's tortious interference claim is subject to arbitration would ordinarily be a closer call. Green did not assert that claim in his prior demand for arbitration against Moore, and he arguably could have asserted that claim regardless of the existence or meaning of the Agreement. Green, however, has conceded that the claim is related to the Agreement. In his motion to remand, Green stated that his "tortious interference claim is significantly related and connected to the parties' Agreement because [he] alleges interference through 'improper means' or an 'improper purpose' which can include, but is not limited to, breach of the Agreement." Motion to Remand at p. 6 ("There exists common factual and legal issues between the claims, making it the most economical and logical decision for the tortious interference claim to be resolved along with the claim for breach of contract"). Green's explicit admission that his tort claim is related to the Agreement, the fact that his memorandum argues that arbitration is all or nothing, and the presumption of arbitrability all support a finding that the entire dispute is subject to arbitration.

Finally, Green argues that he complied with the Agreement by referring the dispute to arbitration in 2001, even though a decision was never reached, and argues that the arbitration clause is merely permissive. Neither argument is supported by the language of the Agreement or

---

him in October 2002 before his personal services agreement expired in December 2002. Green's request for arbitration, however, was not filed until January 2003. That timing supports the interpretation that a dispute is arbitrable if it arises during the term of the Agreement, regardless of when the arbitration demand or complaint was filed.

ORDER GRANTING MOTION
TO COMPEL ARBITRATION - 3

1 | the policy favoring arbitration.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to compel arbitration (Dkt. #6). This case shall be stayed pending the completion of the arbitration.

DATED this 14th day of June, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO COMPEL ARBITRATION - 4